[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CONTEMPT
Elvira Mahoney is a very clever woman who first manipulated the court and then violated its orders. She is in contempt. Unfortunately, there are few remedies available to the court which would adequately address the problems that her conduct has caused.
The parties, whose marriage was dissolved on May 1, 1998, are the parents of a twelve year old son. Although the plaintiff was awarded sole custody of the child, the defendant and his son had a very close and positive relationship. In the summer of 1999, the defendant learned that the plaintiff was planning to relocate to California with the child. In response, he filed a motion to modify custody and sought to enjoin her from leaving this state with the child.
At an evidentiary hearing on the motion, the plaintiff testified that she was moving to California to complete her college degree so that she would become eligible to sit for the certified public accountant examination. She testified that she was eligible to complete that degree in one year if she were enrolled at the University of California at Davis, where several members of her family lived, and that she would enroll during the winter term in order to finish the degree by 2001. She testified that she would live in student housing, which was located in the best of the community's school districts and had a program for gifted children. She told the court that she was eligible for assistance awarded by the state of California for minority students. She assured the court that she had applied and would be admitted to the university and guaranteed that she would receive student housing.
Based upon the evidence presented and in light of the teachings of our Supreme Court in Ireland v. Ireland, 246 Conn. 413 (1998), the court permitted the plaintiff to move to California with the child.[1] The court ordered the parties to mediate visitation arrangements with the family relations division prior to the plaintiff's departure, and ordered CT Page 160 that she return to Connecticut if she were denied admission to the university.
Ms. Mahoney left Connecticut without participating in the required mediation, in knowing violation of the court order. She knew of the date, and failed to attend anyway. She failed to do so not because she needed to facilitate her new career, but because she wanted to take part in a camping trip with her family in California. For that, she is in contempt.
In addition, Ms. Mahoney did none of the things that she had represented as the reasons for her move. She did not enroll in school.[2]
She did not move into student housing in the school district she had so glowingly described. She simply ignored the order to return to Connecticut if for any reason she were not admitted to the University of California at Davis. For that, she is also in contempt.
The fact that Ms. Mahoney misled the court[3] and disobeyed its orders does not, however, automatically mean that it is in the best interest of the child to return to Connecticut, either with or without his mother, as requested in the defendant's motion. There is no question on the record before the court in August of 1999 that he had a positive relationship with his mother. Similarly, the court recognizes that the defendant's request for attorneys fees and costs will impact not only the plaintiff but the boy. Nevertheless, the court orders that the plaintiff be responsible for the defendant's attorney fees in connection with the enforcement of the court's orders. Whether the court will also impose a greater obligation on her for visitation expenses will be determined as part of this motion but at a future date. The court will retain jurisdiction over the issues of attorney fees and visitation expenses.
The defendant's attorney will submit an affidavit of attorney fees claimed, and both parties will submit financial affidavits. The parties will then arrange for the matter to be scheduled for argument or hearing.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.